IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

NANCY LYNN HOWES,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

No. C 14-4067-MWB

**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION**

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION............................................................................. 1*

*II.  LEGAL ANALYSIS ......................................................................... 2*
    *A.  Standard Of Review ................................................................ 2*
    *B.  Review Of Howes's Objections ................................................. 4*
        *1.  The RFC determination and the resulting question to the VE ............................................................................ 4*
        *2.  The rejection of Howes's subjective complaints of disabling impairments ..................................................... 6*
    *C.  Clear Error Review ................................................................. 8*

*III. CONCLUSION ................................................................................ 8*

## *I.   INTRODUCTION*

This is an action for judicial review by plaintiff Nancy Lynn Howes of a final decision of the Commissioner of Social Security (the Commissioner) denying Howes's application for Social Security Disability benefits (DIB) and Supplemental Security

Income benefits (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. In a Report And Recommendation (docket no. 18), filed August 24, 2015, United States Magistrate Judge Leonard T. Strand recommended that I affirm the Commissioner's determination that Howes was not disabled during the relevant period and direct entry of judgment against Howes and in favor of the Commissioner.

On September 8, 2015, Howes filed her Objections To Report And Recommendation (Objections) (docket no. 19). Howes objects to two conclusions in Judge Strand's Report And Recommendation: (1) Judge Strand's conclusion that the administrative law judge (ALJ) properly determined Howes's residual functional capacity (RFC) and, as a result, properly formulated a hypothetical question to the vocational expert (VE); and (2) Judge Strand's conclusion that the ALJ properly disregarded Howes's subjective testimony about disabling impairments. On September 11, 2015, the Commissioner filed a Response To Plaintiff's Objections To The United States Magistrate Judge's Report And Recommendation (docket no. 20), asserting that Howes's Objections simply reproduce her initial brief, so that they do not adequately specify the parts of the Report And Recommendation to which objections are made.

I must review Judge Strand's Report And Recommendation in light of Howes's Objections.

## II. LEGAL ANALYSIS
### A. Standard Of Review

Where, as here, a party has filed objections to a magistrate judge's report and recommendation, the applicable statute provides for de novo review by the district judge, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the

2

> findings or recommendations made by the magistrate judge.
> The judge may also receive further evidence or recommit the
> matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

If a party files an objection to a magistrate judge's report and recommendation, the district court must "make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*." 28 U.S.C. § 636(b)(1) (emphasis added). In most cases, at least where the objecting party is represented by counsel, to trigger *de novo* review, "objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990); *but see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (suggesting that "general" objections by a pro se party may be sufficient to trigger de novo review). When objections have been made, and the magistrate judge's report is based upon an evidentiary hearing, "'the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.'" *United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008) (quoting *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995), in turn quoting *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)). Judge Strand did not hold an evidentiary hearing in this case, however, nor did he consider oral arguments. Instead, he considered only the parties' written submissions, and I have done the same.

In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review only when a party objected to the magistrate's

findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). The Eighth Circuit Court of Appeals has indicated, however, that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Thus, "clearly erroneous" review applies to the portions of Judge Strand's Report And Recommendation to which no objections were made.

I will review Judge Strand's Report And Recommendations with these standards in mind.

### B. *Review Of Howes's Objections*

As noted, above, Howes makes two objections to Judge Strand's Report And Recommendation. I will consider these objections in turn.

#### 1. *The RFC determination and the resulting question to the VE*

Howes's first objection is to the part of Judge Strand's Report And Recommendation concluding that the ALJ properly determined Howes's RFC and, as a result, properly formulated a hypothetical question to the VE. Howes contends that the ALJ did not include in his determination of her RFC, or in his hypothetical question to the VE, her moderate limitations in her ability to complete a normal workday and workweek without interruptions for psychologically based symptoms and to perform at a

4

consistent pace without an unreasonable number and length of rest periods, nor did he include her moderate limitations in her ability to maintain attention and concentration for extended periods, despite expert opinions in the record supporting such limitations. She argues that the failure to consider the combined effects of her impairments and/or the failure to include moderate limitations in her RFC and the resulting hypothetical question to the VE is reversible error.

Upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I agree with Judge Strand that the ALJ properly considered the medical evidence and records in formulating Howes's RFC, as well as in formulating the question to the VE, and that substantial evidence supports the ALJ's formulations. As Judge Strand noted, "The RFC must only include those impairments which are substantially supported by the record as a whole." Report And Recommendation at 10 (citing *Goose v. Apfel*, 238 F.3d 981, 985 (8th Cir. 2001), and also citing *Forte v. Barnhart*, 377 F.3d 892, 897 (8th Cir. 2004)). As she did in her original briefing, Howes relies, in her Objections, on moderate mental limitations found by Drs. Shafer and Westra. As Judge Strand correctly noted, however, neither of these state agency consultants included such limitations in their determinations of Howes's RFC, and the ALJ's omission of such limitations from Howes's RFC was also consistent with the opinions of other consultants. *See id.* at 16 (citing Administrative Record 378, 379, 403, 405, 608-09, 1010-11). Furthermore, as the Eighth Circuit Court of Appeals has explained, "A hypothetical [question posed by the ALJ to a VE] is sufficient if it includes the impairments supported by substantial evidence and found credible by the ALJ." *Blackburn v. Colvin*, 761 F.3d 853, 860-61 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)); Report And Recommendation at 18 ("Only the impairments the ALJ has found credible must be included in the hypotheticals." (citing *Pinkney v. Astrue*, 675 F. Supp. 2d 9, 19 (D.D.C. 2009)).

Thus, Howes's first objection to the Report And Recommendation is overruled.

## 2. The rejection of Howes's subjective complaints of disabling impairments

Howes's second objection to the Report And Recommendation is that Judge Strand rejected her argument that the ALJ erred when he discounted the credibility of Howes's testimony about disabling impairments. Specifically, Howes argues that the ALJ did not sufficiently set forth his reasoning for rejecting her subjective complaints. Oddly enough, Howes's first argument in support of this point is that the ALJ improperly *relied on* her own testimony that her back pain had subsided for six months after an epidural steroid injection in February 2012, but did not address contemporaneous medical records from Dr. Clauson that her pain remained constant at "5" on a scale of 1 to 10 during that period. Howes now contends that the ALJ should have recognized that Howes's and Dr. Clauson's opinions on this point were incompatible, and that the ALJ should have found that Dr. Clauson's records "contradict [her own] faulty memory." Objections at 13. Howes also argues, more consistently with the framing of her second objection, that her testimony about her daily activities should not have led the ALJ to discount her credibility on the disabling nature of her pain. She argues that the reports of various doctors, including Dr. Clauson, about the severity of her back pain, support her subjective testimony about pain reasonably arising from her condition.

As Judge Strand pointed out, "'The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts.'" Report And Recommendation at 22 (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001)). As Judge Strand also pointed out,

> [T]he court must "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams [v. Barnhart]*, 393 F.3d [798,] 801 (8th Cir. 2005). An ALJ may discount a claimant's subjective complaints if there are inconsistencies in the record as a whole. *Id*. "An ALJ who rejects [subjective] complaints must make an express

> credibility determination explaining the reasons for discrediting the complaints." *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000).

Report And Recommendation at 22-23.

Upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I agree with Judge Strand's observation that the ALJ discussed Howes's daily activities and specifically explained that she engaged in activities that exceeded what someone with disabling pain would be capable of doing. Report And Recommendation 24-25 (citing Administrative Record at 19, 24-25, 1086-87, 1091, 1093). Neither Judge Strand nor the ALJ required that Howes be completely bedridden by pain to be found disabled; rather, each found that Howes's ability to engage in daily activities was inconsistent with her complaint of disabling pain. *Id*. at 24 (citing *Reed v. Barnhart*, 399 F.3d 917, 923 (8th Cir. 2005), and *Medhoug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009)). I also agree with Judge Strand's rejection of Howes's argument that the ALJ should have rejected her own testimony in favor of Dr. Clauson's assessment of the extent to which the epidural injection eased her pain. It is true that Dr. Clauson assessed Howes's pain level at 5 out of 10, with intermittent pain control, after the injection. *See* Report And Recommendation at 25 (citing Administrative Record at 936). On the other hand, as the ALJ found, and Judge Strand duly noted, Dr. Clauson also assessed Howes's RFC as somewhat greater than the ALJ did. *Id*. Specifically, while Dr. Clauson found that Howes could occasionally kneel, crouch, and crawl, with her back pain, the ALJ concluded that Howes should *never* perform these activities. *Id*. at 25-26 (comparing Administrative Record at 20, 944-47, with *id*. at 20, 947). This was, in fact, an incident in which the ALJ found a claimant's subjective complaint *more* credible than the assessment in the medical report on which the claimant now relies, and adjusted the claimant's RFC accordingly.

Howes's second objection to the Report And Recommendation is overruled.

### C. *Clear Error Review*

As mentioned, above, the Eighth Circuit Court of Appeals has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520. I have considered the remainder of Judge Strand's Report And Recommendation, to which no objections were made, and I find no "clear error" in those portions.

### III. CONCLUSION

Upon the foregoing,

1. Howes's September 8, 2015, Objections To Report And Recommendation (Objections) (docket no. 19) are **overruled**;

2. I **accept** United States Magistrate Judge Strand's August 24, 2015, Report And Recommendation (docket no. 18) *without modification*, *see* 28 U.S.C. § 636(b)(1) (2006), and, pursuant to Judge Strand's recommendation,

   a. The Commissioner's determination that Howes was not disabled is **affirmed**; and

   b. Judgment shall enter against Howes and in favor of the Commissioner.

**IT IS SO ORDERED**.

**DATED** this 16th day of September, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA